UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:02-CR-26-KAC-DCP |
| ) | |
| CHARLES ALLEN LEQUIRE, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Charles Allen LeQuire filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) due to his medical conditions, age, post-sentence legal developments, and need to care for his ailing mother [Doc. 53]. Under Standing Order 21-09, the Court appointed counsel to represent him. *See* Standing Order 21-09. Counsel reviewed Defendant's case and determined that "no additional pleadings will be filed at this time" because "Defendant has filed a well-presented motion" [Doc. 58]. The United States opposes his motion to reduce his sentence [Doc. 61]. Because the relevant factors in 18 U.S.C. § 3553(a) do not support a modification, the Court denies Defendant's request to reduce his sentence.

 *I.* *Background*

On June 3, 2002 in the instant case, Defendant pled guilty to witness tampering, in violation of 18 U.S.C. § 1512(b)(1) [Doc. 24]. That same day, Defendant also pled guilty to five (5) counts of the Superseding Indictment in case number 3:02-CR-10 in this Court [Doc. 73 in Case Number 3:02-CR-10]. The Superseding Indictment charged Defendant with two (2) counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and two (2) counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) [Doc. 38 in Case

Number 3:02-CR-10]. Defendant committed the two (2) armed robberies while on federal parole for convictions for RICO conspiracy and conspiracy to violate explosives laws ["Presentence Investigation Report" (PSR) ¶¶ 71, 72[1]]. The charge in the instant case arose when Defendant sought to "prevent a government witness against him from testifying" at his trial for the charges in the Superseding Indictment by "either kidnapping or murder[ing]" the witness [*Id.* ¶¶ 14, 16].

The Court sentenced Defendant for both cases at the same time. Defendant had a total offense level of thirty-four (34) with a criminal history category of VI because of his status as a career offender [*Id.* ¶¶ 59, 77]. Defendant's criminal history includes three (3) assault convictions [*Id.* ¶¶ 64, 68, 69]. And while incarcerated on his prior federal convictions, he amassed several infractions, including assault, possessing a dangerous weapon, and possessing drugs [*Id.* ¶ 72]. Defendant's aggregate guideline range was 682 to 747 months' imprisonment [*See id.* ¶¶ 60, 98]. On July 12, 2002, the Court sentenced Defendant to 720 months' imprisonment, followed by five (5) years of supervised release [Docs. 31 in Case Number 3:02-CR-26; 81 in Case Number 3:02-CR-10]. The Bureau of Prisons (BOP) expects Defendant to complete his term of imprisonment on November 8, 2054. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed July 26, 2022).

Defendant now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 53]. In support of his request, Defendant, who is fifty-eight (58), argues that his various "chronic and degenerative" health conditions—including, among others, "deteriorating eye sight," "degenerative disks [*sic*]," "hypothyroidism," and "osteoarthritis"—"are best treated outside prison" [*Id.* at 1-2]. He also argues that he has "taken and passed" "over 30 courses" and that he has an "almost non existant [*sic*] recidivism rate" because of his age [*Id.* at 2-3]. Defendant

---

[1] The PSR in this case was not docketed, but it is on file with the Court.


2

submitted a request for compassionate release to the warden at his BOP facility, and BOP timely denied the request [Docs. 53 at 1; 55 at 3].

The United States opposes Defendant's motion because Defendant "has not shown any sentence reduction would be consistent with 18 U.S.C. §§ 3553(a) and 3582(c)(1)(A)" [Doc. 61 at 1]. The United States argues that Defendant has not demonstrated "that his medical conditions have substantially diminished his ability to care for himself or perform activities of daily living" [*Id.* at 7]. Additionally, the United States asserts the "number and nature of his disciplinary infractions—40 separate incidents in less than 20 years—undermine his claim of recidivism" [*Id.* at 9]. And the United States asserts that the Section 3553(a) factors weigh against his release, specifically the seriousness of his convictions and the length of time remaining on his sentence [*Id.* at 10].

## II. Discussion

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence. As a threshold matter, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [individual's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). If that threshold requirement is met, a district court may reduce a sentence where the Court finds that (1) "extraordinary and compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d 516, 518

3

(6th Cir. 2021) (internal citations omitted). The "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519.

Because consideration of the Section 3553(a) factors is dispositive, the Court begins its analysis there.[2] Defendant's conduct in the instant convictions was violent and dangerous. During the first armed robbery, Defendant "carr[ied] a short-barreled shotgun" that he "pointed" at the bank tellers [PSR ¶¶ 6-7]. And during the second armed robbery, Defendant "pointed [a] gun" and "threatened to shoot one of the tellers" [*Id.* ¶ 10]. *See* 18 U.S.C. § 3553(a)(1). Defendant committed both offenses just two (2) months after his release from federal custody [*See id.* ¶¶ 6, 9, 71, 72, 75]. While in jail before his trial for the armed robberies, Defendant asked an individual to "either kidnap[] or murder[]" a government witness who intended to testify against him [*Id.* ¶¶ 14, 16]. Defendant still has approximately 387 months to serve on his sentence [*See* Docs. 31 in Case Number 3:02-CR-26; 81 in Case Number 3:02-CR-10]. *See* Inmate Locator, *supra*. Any sentence reduction at this time would be inconsistent with the seriousness of these offenses and need to specifically deter Defendant from criminal conduct. *See* 18 U.S.C. § 3553(a)(1), (a)(2).

And Defendant's extensive history of criminal activity further underscores the grave threat that he poses to the community. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). By age twenty eight (28), he had been convicted of RICO conspiracy for his involvement in an enterprise that "smuggl[ed] large quantities of cocaine and marijuana into the United States" and conspiracy to violate explosives laws for his involvement in "plans to bomb a nuclear power plant, an east coast airport,

---

[2] Here, Defendant has satisfied the threshold exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) [*See* Doc. 55 at 1, 3].

a dam, a United States Naval vessel and the electrical towers" [PSR ¶¶ 71, 72]. As a result of his predicate felonies, he has been classified as a career offender [*Id.* ¶ 57]. *See* 18 U.S.C. § 3553(a)(1). Even while incarcerated, Defendant has incurred more than forty (40) disciplinary sanctions, furthering underscoring both his complete disrespect for the law and that a continued term of imprisonment is needed to deter him [*See* Doc. 61-2]. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B). The history and characteristics of Defendant preclude a sentence reduction, and the public still requires protection from any potential further crimes of Defendant, regardless of his age. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C).

Having considered all of the Section 3553(a) factors, a modification of Defendant's sentence is not appropriate. Because the Section 3553(a) factors do not support a modification, the Court need not specifically address the other prerequisites listed in Section 3582(c)(1)(A). *See Elias*, 984 F.3d at 519. Accordingly, the Court **DENIES** Defendant's "Request for (3582) Compassionate Release" [Doc. 53].

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge